# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINA BORGES BURGERT,<br><br>    Plaintiff,<br><br>    v.<br><br>KRISTI NOEM, Secretary, U.S. Dept. of Homeland Security;<br>JOSEPH B. EDLOW, Director, U.S. Citizenship and Immigration Services; and<br>CONNIE NOLAN, Associate Director, Service Center Operations Directorate,<br><br>    Defendants. | Case No. 8:26-cv-00172-JWH-ADS<br><br>**ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER [ECF No. 7]** |

Before the Court is the *Ex Parte* Application of Plaintiff Carolina Borges Burgert for a Temporary Restraining Order ("TRO") against Defendants Kristi Noem, Joseph B. Edlow, and Connie Nolan.[1] The Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support, even in the absence of any opposition,[2] the Court **DENIES without prejudice** Burgert's Application, for the reasons set forth below.

## I. BACKGROUND

### A. Factual Allegations

Burgert entered the United States on a B-2 visitor visa and remained in the U.S. after her visa expired.[3] Burgert is married to a U.S. citizen.[4]

In October 2025 Burgert and her spouse concurrently filed an I-130 Petition for Alien Relative and an I-485 Application to Adjust Status.[5] In December 2025 the United States Citizenship and Immigration Services ("USCIS") scheduled Burgert's mandatory adjustment interview for February 3, 2026.[6]

Burgert contends that Immigration and Customs Enforcement ("ICE") has recently begun arresting individuals who attend a USCIS adjustment

---

[1] Pl.'s *Ex Parte* Appl. for a Temporary Restraining Order (the "Application") [ECF No. 7].

[2] The Court considered the following papers: (1) Application; and (2) Compl. (the "Complaint") [ECF No. 1].

[3] Complaint ¶ 24.

[4] *Id.* at ¶ 25.

[5] *Id.* at ¶ 27.

[6] *Id.* at ¶ 30.

interview.[7] Burgert fears that she will be detained at her upcoming adjustment interview.[8]

### B. Procedural History

On January 23, 2026, Burgert commenced the instant action, praying for declaratory and injunctive relief for violations arising under the Administrative Procedure Act and the requirements of Fifth Amendment Due Process.[9]

That same day, Burgert filed the instant Application for a TRO.[10] Defendants have not filed a response.

## II. LEGAL STANDARD

### A. Temporary Restraining Order

A TRO preserves the *status quo* and prevents irreparable harm until a hearing may be held on the propriety of a preliminary injunction. *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). The standard for issuing a TRO is identical to the standard for issuing a preliminary injunction. *See Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689 (2008) (citations omitted). An injunction is binding only on parties to the action, their officers, agents, servants, employees, and attorneys and those "in active concert or participation" with them. Fed. R. Civ. P. 65(d)(2).

A party seeking a TRO or a preliminary injunction must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the

---

[7] *Id.* at ¶ 31.
[8] *Id.* at ¶ 35.
[9] *See generally id.*
[10] *See generally* Application.

balance of equities tip in its favor, and (4) that the public interest favors an injunction." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir.), *as amended* (Mar. 11, 2014) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). When the nonmoving party is a governmental entity, the last two *Winter* factors "merge." *Nken v. Holder*, 556 U.S. 418, 435 (2009). However, "[b]ecause [the likelihood of success on the merits] is a threshold inquiry, when 'a plaintiff has failed to show the likelihood of success on the merits, [the court] "need not consider the remaining three *Winter* elements."'" *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (*en banc*) (quoting *Ass'n des Eleveurs de Canards et D'Oies du Quebec v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013)).

**B.     Ripeness**

Article III of the Constitution confines the jurisdiction of a federal court to live cases and controversies. *See* U.S. Const. art. III, § 2. As the Supreme Court has explained, Article III gives rise to four justiciability doctrines: ripeness, standing, mootness, and political question. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). Relevant here are the closely related doctrines of ripeness and standing.

The ripeness doctrine prevents a federal court from prematurely deciding an issue that is abstract, hypothetical, or speculative. *See Flaxman v. Ferguson*, 151 F.4th 1178, 1184 (9th Cir. 2025). That doctrine is "drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction . . . ." *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003) (citation omitted). The ripeness doctrine has two components: constitutional ripeness and prudential ripeness. *See Bishop Paiute Tribe v. Inyo County*, 863 F.3d 1144, 1153 (9th Cir 2017).

Constitutional ripeness is synonymous with Article III's injury-in-fact prong for standing. *See Twitter, Inc. v. Paxton*, 56 F.4th 1170, 1173 (9th Cir.

2022). Whether framed as constitutional ripeness or standing, a claim is ripe if the plaintiff suffers an injury that is concrete and imminent. *See Flaxman*, 151 F.4th at 1185. An injury is concrete if it actually exists. *See Clark v. City of Seattle*, 899 F.3d 802, 809 (9th Cir. 2018). And an imminent injury is one that is "certainly impending." *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013).

Prudential ripeness, in contrast, is "guided by two overarching considerations: the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Project Veritas v. Schmidt*, 125 F.4th 929, 941 (9th Cir. 2025).

"If a case is not ripe for review, then there is no case or controversy, and the court lacks subject-matter jurisdiction." *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005). When no live case or controversy exists, a federal court must refrain from issuing an advisory opinion or declaring rights in a hypothetical case. *See Clark*, 899 F.3d at 808.

### III.  ANALYSIS

#### A.  Likelihood of Success on the Merits

Burgert is not likely to succeed on the merits of her claims because her claims are not ripe for review, and, thus, the Court lacks subject matter jurisdiction. *See Principal Life*, 394 F.3d at 669.

Burgert is challenging ICE actions that have not yet occurred.[11] In support of her claims, Burgert provides examples of ICE detaining other individuals during their scheduled appointments.[12] But "pointing to other instances of ICE detaining individuals following adjustment of status interviews does not definitively and concretely establish that [she] will be arrested by ICE

---

[11] Complaint ¶ 50.

[12] *See id.* at ¶¶ 51–56.

at [her] adjustment of status interview[]." *Quezada Grado v. Bondi*, 2026 WL 26064, at *1 (S.D. Cal. Jan. 5, 2026); *see also Cruz v. Bondi*, 2026 WL 50749 (S.D. Cal. Jan. 7, 2026) (rejecting the plaintiff's TRO application because the plaintiff provided reports and press articles describing clients in similar circumstances that were detained, rather than actual policies or practices demonstrating that the plaintiff was likely to be detained); *Matter of Santos Zelaya v. Brightman*, 2026 WL 35977, at *3 (S.D. Cal. Jan. 6, 2026) (rejecting the petitioner's application for a TRO because the petitioner's allegations of future detention or arrest were not sufficient). Burgert has provided this Court with no evidence to suggest that ICE intends to detain **her**. In the absence of evidence that an injury to Burgert herself is concrete and imminent, Burgert's claims are not constitutionally ripe. *See Flaxman*, 151 F.4th at 1185.

Accordingly, Burgert's claims are not ripe, and this Court lacks subject matter jurisdiction to hear them. *See Principal Life*, 394 F.3d at 669. Therefore, Burgert is not likely to succeed on the merits of her underlying claims.

Because Burgert has not shown a likelihood of success on the merits, the Court declines to analyze the remaining three *Winters* elements. *See Garcia*, 786 F.3d at 740 ("[W]hen a plaintiff has failed to show the likelihood of success on the merits, we need not consider the remaining three *Winter* elements." (citation modified)).

## IV.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** that Burgert's Application for a TRO [ECF No. 7] is **DENIED without prejudice**.

**IT IS SO ORDERED.**

Dated: February 2, 2026

John W. Holcomb
UNITED STATES DISTRICT JUDGE